# IN THE COURT OF APPEALS OF IOWA

No. 18-0666
Filed August 19, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MIRANDA MARIE SIMPSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Annie Reynolds, Magistrate, and Gregory D. Brandt, District Associate Judge.

Miranda Simpson appeals following her conviction of the simple misdemeanor crime of third-degree harassment. **AFFIRMED.**

Joel E. Fenton of Law Offices of Joel E. Fenton, PLC, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

The State charged Miranda Simpson with the simple misdemeanor crime of third-degree harassment. *See* Iowa Code § 708.7(4) (2017). The State claimed Simpson made "posts on [F]acebook" that were likely to annoy or harm a massage therapist and the therapist's employer. A magistrate found Simpson guilty, a finding that was affirmed on appeal to the district court.

Simpson filed an application for discretionary review, which the supreme court granted. The case was transferred to this court for disposition.

Simpson contends (1) the State failed to lay an adequate foundation for the admission of the Facebook posts and (2) the magistrate's finding of guilt lacked sufficient evidentiary support.[1]

## I. Foundation for Admission of Facebook Posts

The foundational issue arose as follows. The owner of an Ankeny massage salon located a one-star review on the salon's Facebook page. The owner identified the author of the review as Simpson. Simpson's public post stated that one of the massage therapists could provide a "happy ending" and her "bosses kn[e]w" or did not "care." The owner took a screenshot of the post, which together with four other screenshots of a stream of comments following the initial post, was identified as Exhibit 1.

The State offered Exhibit 1 through the owner. Simpson objected on the ground that no foundation was laid "in terms of who took these pictures, where the

---

[1] No issue was raised as to whether the Facebook post satisfied the requirement that the person "communicates with another . . . in a manner likely to cause the other person annoyance or harm." *See* Iowa Code §708.7(1)(a)(1). We express no opinion on that issue.

pictures are from, [and] if this is the Miranda Simpson who's sitting in the courtroom today." The magistrate admitted the exhibit, reasoning, "[T]he testimony has been that [the owner] took the screenshot and . . . that's a fair and accurate depiction of what she observed on the screen." In a dispositional order, the magistrate determined the owner "was a credible witness with a reliable memory and provided proper foundation for the [e]xhibit."

On appeal, the district court affirmed the admission of Exhibit 1, reasoning as follows:

> The evidence presented supports that the Facebook account in question belongs to Ms. Simpson and that she was the individual who posted the items in question[] here. [The salon owner] testified that she personally observed the posts on the Facebook account of Miranda Simpson and that she took screenshots of those posts. The trial court found the testimony of [the owner] credible. There is no reason for this Court to put aside those findings. The testimony of [the owner] is sufficient to establish the proper foundation for admission of the exhibit.

In this appeal, Simpson insists the owner's testimony was insufficient to establish a foundation for admission of Exhibit 1. She argues "[n]o reliable data or information from Facebook, the custodian of the computer information and postings being depicted in the screenshot, was provided to further authenticate or link [her] to the act of posting." "We review questions of admissibility of evidence for an abuse of district court discretion, meaning that we accord wide latitude to the district court on the question of sufficiency of foundation." *State v. Buller*, 517 N.W.2d 711, 712 (Iowa 1994) (citation omitted). "Established rules of evidence however cannot be ignored under the guise of trial court discretion." *Id.*

The established rule of evidence relevant to this case states: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent

must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Iowa R. Evid. 5.901(a). Evidence that an electronic writing is what the proponent claims it is requires "evidence sufficient to show that the purported author of the communication, whether it be an email, a Facebook posting, or a text message, actually authored or published the content." Lauri Kratky Dore, 7 *Iowa Practice: Evidence* § 5.901:11, "Authentication of electronically stored evidence: E-mails and social media evidence." "Authenticating circumstances can include the context of an e-mail." *Id.*

The salon owner identified the first page of Exhibit 1, named the author of the review, examined the contents of the post on Simpson's public Facebook page, identified the therapist partially named in the review, and took the screenshot of the post. We conclude the district court did not abuse its discretion in finding her testimony sufficient to establish that the post was what she claimed it to be. *See State v. Goodwin*, No. 18-1822, 2020 WL 1551149, at *5 (Iowa Ct. App. Apr. 1, 2020) (concluding "[t]here was enough circumstantial evidence linking Goodwin to the texts sent by Edwin to let the jury decide whether it believed he was the sender"); *State v. Akok*, No. 17-0655, 2018 WL 4362065, at *1 (Iowa Ct. App. Sept. 12, 2018) (finding "a sufficient prima facie case of authenticity made" based in part on the fact that Facebook messages "were sent from the account of a person identifying himself to be Akuk Akok"); *cf. In re ADW*, No. 12-1060, 2012 WL 3200891, at * 6 (Iowa Ct. App. Aug. 8, 2012) (concluding "[t]he State did not offer any evidence in this case to identify [Facebook] photographs in time or place").

In reaching that conclusion, we have considered the owner's inability to identify the last four pages of the five-page exhibit. In our view, her lack of

knowledge went to the weight rather than the admissibility of Exhibit 1. *See State v. Biddle*, 652 N.W.2d 191, 196–97 (Iowa 2002) ("When the district court has determined that the State has established a sufficient foundation for the admission of the physical evidence, any speculation to the contrary affects the weight and not the admissibility of the evidence."); *State v. Collier*, 372 N.W.2d 303, 308 (Iowa Ct. App. 1985) (noting that questions of whether a witness can "without question identify" an exhibit as belonging to a person "go the weight and credibility of the evidence as opposed to its admissibility").

The court could have assigned greater weight to the entirety of Exhibit 1 in light of an Ankeny police officer's testimony that he took the screenshots of Simpson's public postings appearing on the last four pages of the exhibit. Additionally, the massage therapist mentioned in the post testified she "looked up [Simpson's] name" and "saw [Simpson's] public comment referencing her." The therapist opined that Simpson posted the disparaging review "to try to get [her] fired or get [her] license revoked." She based her opinion on public postings of photographs showing Simpson with the therapist's ex-boyfriend. We affirm the admission of Exhibit 1 and the weight assigned to it.

## II. Sufficiency of the Evidence

At trial, the Ankeny police officer who investigated the case testified that he asked Simpson about the Facebook post and "she claimed that she was sticking up for her friend." The magistrate cited this testimony in finding harassment. Simpson argues "the trial court misunderstood or misrelated statements made by [the officer] involving a purported confession or partial confession by" her. The State characterizes the argument as a challenge to the sufficiency of the evidence

supporting the district court's findings of guilt.  We agree.  Our review of the magistrate's fact findings is for substantial evidence.  *See State v. Hearn*, 797 N.W.2d 577, 579–80 (Iowa 2011).

At trial, the officer acknowledged Simpson did not explicitly state "she was the one that made the post on Facebook."  At the same time, it is clear he took Simpson's statement that she was "sticking up for a friend" as a tacit admission that she posted the comments.  The magistrate similarly inferred Simpson was the person who made the posting.  The inference is supported by substantial evidence. We affirm the finding of guilt for third-degree harassment.

**AFFIRMED.**